IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0119 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO SEVER** |
| v. | |
| JOSEPH ORTIZ, et al., | |
| Defendants. | |

On October 11, 2013, the Court heard argument on a motion to sever filed by defendants Mario Bergren and Armando Acosta. Both defendants seek to sever their trials from those of their co-defendants, alleging misjoinder and prejudicial joinder. Having considered the arguments of counsel and the papers submitted, the Court DENIES the defendants' motion.

**BACKGROUND**

In July 2012, Mario Bergren and Armando Acosta, along with seventeen other individuals, were charged with, *inter alia*, conducting the affairs of a RICO organization and participating in a RICO conspiracy, in violation of 18 U.S.C. § 1962. *See generally* Second Superseding Indictment. Fourteen of those originally charged have now pled guilty. *See* Government's Opposition to Defendant Mario Bergren's Motion to Sever ("Gov.'s Opp'n") at 2. The remaining five defendants are scheduled for a joint trial, beginning on March 31, 2014.

All five defendants are charged in Counts One, Two, and Three of the indictment, which are conspiracy charges: "Racketeering Conspiracy," "Conspiracy to Commit Murder in Aid of Racketeering," and "Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering."

Second Superseding Indictment ¶¶ 1-33. Each defendant is also charged in at least one additional count, although the charges range from accessory charges to murder. Neither Bergren nor Acosta is named in the substantive murder charges.

Mario Bergren and Armando Acosta now move to sever their trial from that of the remaining three defendants, arguing misjoinder and prejudicial joinder. Motion to Sever Defendants Because of Prejudicial Joinder ("Def.s' Mot.") at 1.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8(b), "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." When defendants are indicted together, the federal system evinces a preference for joint trials. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Lane*, 474 U.S. 438, 449 (1986) (recognizing that joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)). Only where joinder would create "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" must the Court grant severance. *Zafiro*, 506 U.S. at 539. Neither a joint trial with more culpable co-defendants nor an improved possibility of acquittal in a separate trial is sufficient by itself to warrant severance. *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) (citing *United States v. Baker*, 10 F.3d 1374, 1388 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

Courts consider several factors when determining the prejudicial effect of a joint trial: (1) the jury's ability "to collate and appraise the individual evidence against each defendant"; (2) the judge's care in issuing appropriate limiting instructions; (3) the ordinary juror's competence in evaluating the evidence and applicable legal concepts; and (4) whether the defendants can demonstrate, with particularity, a risk that the joint trial would "compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Fernandez*, 388 F.3d at 1241. The first two

factors are weighed most heavily. *Id.*

## DISCUSSION

Bergren and Acosta argue that severance should be granted for two reasons: (1) the jury may be improperly prejudiced against them due to the more severe crimes with which the other co-defendants are charged; and (2) each of the co-defendants may wish to present defenses that are antagonistic to one another. Def.s' Mot. at 10-15. The Court rejects both arguments.

### 1. The Risk of Spillover Prejudice Does Not Warrant Severance.

Bergren and Acosta contend that severance is necessary because the government may introduce evidence of serious crimes allegedly committed by the other co-defendants, which may cause an emotional response in the jury, and in turn create a risk of spillover prejudice against Bergren and Acosta.

Joint trials are particularly appropriate in conspiracy cases, where the government must introduce evidence of co-conspirators' acts simply to prove up the existence of a conspiracy. *Fernandez*, 388 F.3d at 1242. An especially complex case, where co-defendants' degrees of culpability are markedly different, may present a risk of prejudice. *Zafiro*, 506 U.S. at 539. Conversely, however, a jury's assessment of relative culpability may well operate to the advantage of the less culpable defendants. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

There is no dispute here that, to prevail on the RICO charges at trial, the government must prove: (1) the alleged gang is an "association-in-fact enterprise"; (2) two or more persons engaged in a conspiracy to participate in the gang's affairs; and (3) "each defendant agreed that a member of the conspiracy would commit at least two racketeering acts." Gov.'s Opp'n at 6; Reply Memorandum in Support of Motion to Sever Defendants and Counts for Trial ("Def.s' Reply") at 1. Both Bergren and Acosta are facing RICO conspiracy charges. Second Superseding Indictment ¶¶ 1-33. Thus, evidence of acts committed by co-conspirators will be admissible against Bergren and Acosta as probative of the conspiracy charges. *See Fernandez*, 388 F.3d at 1242 ("Proof of [RICO] elements may well entail evidence of numerous criminal acts by a variety of persons, and each defendant in a RICO case may

reasonably claim no direct participation in some of those acts. Nevertheless, evidence of those acts is relevant to the RICO charges against each defendant, and the claim that separate trials would eliminate the so-called spillover prejudice is at least overstated if not entirely meritless.") (quoting *United States v. DiNome*, 954 F.2d 839, 843 (2d Cir. 1992) (alterations in original)). Indeed, "when much of the same evidence would be admissible against [the defendants] in separate trials," the need for judicial efficiency will outweigh any possible prejudice. *Id.*; *cf. United States v. Cruz-Ramirez*, No. CR 08-730 WHA, 2011 WL 5599630, at *5 (N.D. Cal. Nov. 17, 2011) (holding that evidence of a homicide committed while a co-defendant was incarcerated was relevant and admissible because the co-defendant failed to "affirmatively demonstrate[] abandonment, disavowal, or withdrawal from the conspiracy").

Moreover, the jury's ability to effectively compartmentalize evidence can be aided by the Court's use of limiting instructions. *Fernandez*, 388 F.3d at 1243. Indeed, "careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." *Id.*

Bergren and Acosta contend that limiting instructions will be ineffective here to prevent prejudicial spillover. Def.s' Mot. at 13; Def.s' Reply at 4. This argument ignores "the almost invariable assumption of the law that jurors follow their instructions." *Richardson*, 481 U.S. at 206. Beyond the bare assertion that a limiting instruction cannot prevent undue prejudice, Bergren and Acosta fail to identify any specific reasons why appropriate limiting instructions would be ineffective in this case.

Accordingly, the Court finds that this case does not present an unfair risk of prejudicial spillover, and therefore severance is not warranted on this basis.

**2.     The Possibility of Mutually Antagonistic Defenses Does Not Warrant Severance.**

Bergren and Acosta next argue that they foresee the possibility of mutually exclusive defenses at trial, which will deny them a fair trial. Def.s' Mot. at 13-15.

"Mutually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 538. Instead, "[t]o be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States*

4

*v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

The only specific defense alluded to here is Bergren's possible withdrawal defense. Def.s' Mot. at 11; Def.s' Reply at 4. However, Bergren fails to identify why the core of this defense would conflict with any defenses his co-defendants might put forth. The mere speculative assertion that "co-defendants who are charged in the racketeering conspiracy can be expected to engage in defenses and tactics which will be antagonistic to [one anothers'] defense" is insufficient to require severance. *See* Def.s' Mot. at 15. Moreover, even if Bergren's withdrawal defense is successful, there is no reason a limiting instruction cannot mitigate any potential prejudice that might occur due to the introduction of evidence of acts that took place following Bergren's asserted withdrawal from the conspiracy. *See Richardson*, 481 U.S. at 206.

Therefore, the Court finds that the possibility that the co-defendants might assert mutually antagonistic defenses at trial is insufficient to warrant severance.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the record currently before it, the Court DENIES defendants' motion to sever.

**IT IS SO ORDERED.**

Dated: October 11, 2013

SUSAN ILLSTON
United States District Judge

5