UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND HEMBRY and ARMANDO ACOSTA, *et al.*,<br><br>Defendants. | Case No. 12-cr-00119-SI-1<br><br>**ORDER DENYING EMERGENCY MOTIONS FOR COMPASSIONATE RELEASE FILED BY DEFENDANTS RAYMOND HEMBRY AND ARMANDO ACOSTA**<br><br>Re: Dkt. Nos. 1707, 1711 |

On April 10, 2020, the Court held a hearing on emergency motions for compassionate release filed by defendants Raymond Hembry and Armando Acosta. For the reasons set forth below, the Court DENIES defendants' motions.

**DISCUSSION**

Defendant Raymond Hembry pled guilty to one count of RICO conspiracy pursuant to 18 U.S.C. § 1962(d), and he is currently serving a 120-month sentence at AUSP Thomson in Thomson, Illinois. Hembry's projected release date is December 19, 2020, and his Home Confinement Eligibility Date ("HCED") is June 19, 2020. After a jury trial, defendant Armando Acosta was convicted of one count of RICO conspiracy, one count of accessory after the fact to murder in aid of racketeering in violation of 18 U.S.C. §§ 3 and 1959(a)(1), and one count of obstruction of justice in violation of 18 U.S.C. § 1512 (c)(2). Acosta is currently serving a 120-month sentence at FCI Berlin in New Hampshire. Acosta's projected release date is November 9, 2020, and his HCED is May 9, 2020.

Defendants have filed motions seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. Defendants assert that they have shown "extraordinary and compelling" reasons for compassionate release because they have underlying medical conditions that make them particularly vulnerable to COVID-19, and the pandemic is creating problems preventing the federal prison system from being able to shield inmates from the virus and treat inmates if a large number become infected. Defendants request that the Court reduce their sentences to time served and to order their immediate release into home confinement.

The government objects on numerous grounds.

The Court has carefully considered the parties' arguments and the record in this case and concludes that defendants have not shown that relief is warranted. As a threshold matter, defendants have not exhausted their administrative remedies as required by the statute. *See United States v. Eberhart*, No. 13-CR-00313 PJH, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Robinson*, No. 18-CR-00597 RS, Dkt. No. 29 (N.D. Cal. Mar. 24, 2020); *see also United States v. Raia*, __ F.3d __, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *see generally United States v. Holden*, 3:13-cr-00444-BR, 2020 WL 1673440, at *4-10 (D. Or. Apr. 6, 2020) (analyzing administrative exhaustion requirement of First Step Act and case law and concluding "the administrative-exhaustion provision of the FSA is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision"). Here, defendants state that they submitted requests for

compassionate release to BOP on April 4, 2020 (Hembry) and April 7, 2020 (Acosta), and neither defendant contends that BOP has adjudicated the request, nor has 30 days passed since the filing of the requests.[1]

In addition, although Acosta asserts he has asthma, he has not submitted any documentation regarding the existence or severity of that condition, and the Court notes that Acosta is relatively young (35) and he is housed at a facility that currently does not have any reported infections. *See* bop.gov/coronavirus ("COVID-19 Cases").[2] Hembry is 41 or 42, and while there is some documentation of his claimed medical conditions (borderline diabetes, hypertension, and a 2007 hospitalization for a lung injury and pneumonia), it is not clear that these conditions place him at a particularly heightened risk. The Court also notes that Hembry, like Acosta, is housed at a facility with no reported infections. Further, to grant compassionate release, the Court must, *inter alia*, find that release does not pose a danger to the community. The Court is troubled by the fact that Hembry was convicted on December 5, 2018 of committing an assault with serious injury on another inmate in October 2018.

Finally, although defendants request that the Court order their immediate release into home confinement, they do not cite any authority for the proposition that the Court could make such a designation. To the contrary, "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence" and "[w]hile a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam)..

Accordingly, because defendants have not exhausted their administrative remedies, the

---

[1] The government acknowledges that BOP received Hembry's request but states that the BOP has been unable to confirm receipt of Acosta's request. For purposes of this motion, the Court accepts Acosta's representation that he submitted a request for compassionate release to the Warden of FCI Berlin on April 7. In the event Acosta renews his motion after he has exhausted his remedies, Acosta or his counsel should file a declaration attesting to the filing of the compassionate release request.

[2] The Court notes that AUSP Thomson and FCI Berln are both listed in the OSHA complaint submitted as an exhibit by defendant Hembry.

3

Court DENES defendants' motions for compassionate release. This denial is without prejudice to further requests, but because of the other the reasons stated above, the Court is not sanguine that on the current record relief would be granted.

**IT IS SO ORDERED**.

Dated: April 10, 2020

SUSAN ILLSTON
United States District Judge